UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | : : : |
| Plaintiff, | : : |
| v. | : Civil Action No. 2:11-cv-41 : |
| GATE GUARD SERVICES LP DBA GATE GUARD SERVICES, BERT STEINDORF and SIDNEY L. SMITH Defendants. | : : : : : : |

## AMENDED COMPLAINT

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this action to enjoin the defendants, Gate Guard Services, LP, Bert Steindorf and Sidney L. Smith from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended , 29 U.S.C. §201, et seq., hereinafter referred to as the Act, and to restrain defendants from withholding payment of minimum wage and/or overtime compensation found by the Court to be due employees under the Act, and an equal amount as liquidated damages due to the employees who are named in the attached Exhibit A.

I.

This court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

II.

1. Defendant, Gate Guard Services**,** L.P.**,** is now, and at all times hereinafter mentioned was, a Texas limited partnership is and at all times hereinafter mentioned was doing business as Gate Guard

Services, with a place of business and doing business in Nueces County at 4646 Corona Drive, Suite 163 Corpus Christi, TX 78411, within the jurisdiction of this Court.

2. Defendant, Bert Steindorf, has a place of business and doing business in Nueces County at 4646 Corona Drive, Suite 163 Corpus Christi, TX 78411, within the jurisdiction of this Court, where Bert Steindorf is, and at all times hereinafter mentioned was, owner of the defendant Gate Guard Services, L.P. and actively manages, supervises and directs the business affairs and operations of the defendant, Gate Guard Services, L.P., and acts and has acted, directly and indirectly, in the interest of the defendant, Gate Guard Services, L.P. in relation to its employees and is an employer of these employees within the meaning of the Act.

3. Defendant, Sidney L. Smith, has a place of business and doing business in Nueces County at 4646 Corona Drive, Suite 163 Corpus Christi, TX 78411, within the jurisdiction of this Court, where Sidney L. Smith is, and at all times hereinafter mentioned was, manager of the defendant Gate Guard Services, L.P. and actively manages, supervises and directs the business affairs and operations of the defendant, Gate Guard Services, L.P., and acts and has acted, directly and indirectly, in the interest of the defendant, Gate Guard Services, L.P. in relation to its employees and is an employer of these employees within the meaning of the Act.

### III.

At all times hereinafter mentioned, Gate Guard Services, L.P. has been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. Sec. 203(r), in that Gate Guard Services, L.P. has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

### IV.

At all times hereinafter mentioned, Gate Guard Services, L.P. has been an enterprise engaged

in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

V.

During the period since July 20, 2008, defendants have violated and are violating the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying any and all persons who were employed as gate guards in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act at rates less than the minimum hourly rates required by Section 6 of the Act.

VI.

During the period since July 20, 2008, defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing any and all persons as gate guards and service technicians in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such gate guards and service technicians for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

VII.

As a result of the violations of the Act, minimum wages and overtime compensation has been unlawfully withheld by the defendants from their employees.

VII.

During the period since July 20, 2008, defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that defendants have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that their records failed to show, among other things, the hours worked each day and the total hours worked each week by many of their employees.

IX.

A judgment enjoining the alleged violations and restraining the withholding of minimum wages and overtime compensation found to be due the employees is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

X.

WHEREFORE, cause having been shown, plaintiff prays for judgment against Gate Guard Services, L.P., Bert Steindorf and Sidney L. Smith as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

2. For an Order pursuant to Section 16(c) of the Act finding defendants liable for unpaid minimum wages and overtime compensation due to defendants' employees and for the

liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

    3.    For an Order pursuant to Section 17 enjoining and restraining defendants from withholding payment of unpaid minimum wages and overtime compensation found due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

    4.    For an Order awarding plaintiff the costs of this action; and

    5.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

| ADDRESS: | MARGARET TERRY CRANFORD |
|---|---|
| U. S. Department of Labor | Counsel for Wage and Hour |
| Office of the Solicitor | |
| 525 Griffin Street, Suite 501 | /s/Colleen B. Nabhan____ |
| Dallas, Texas 75202 | COLLEEN B. NABHAN |
| Telephone: (972) 850-3100 | Lead Attorney |
| Facsimile: (972) 850-3101 | TX Bar No. 14769500 |
| nabhan.colleen@dol.gov | |
| docket.dallas@dol.gov | JENNIFER JOHNSON |
| | TX Bar No. 24055743 |
| RSOL Case No. 11-00247 | Attorneys for Plaintiff |